U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 OCT -9 PM 1:54

CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| H. HIRSCHMANN, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:15-cv-34 |
| ) | |
| GREEN MOUNTAIN GLASS, LLC and ) | |
| ADCO PRODUCTS, LLC d/b/a ADCO ) | |
| PRODUCTS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| GREEN MOUNTAIN GLASS, LLC, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ADCO PRODUCTS, LLC, ) | |
| ) | |
| Third-Party Defendant. ) | |

**DECISION ON MOTION FOR RECONSIDERATION FILED BY H. HIRSCHMANN, LTD.**
**(Doc. 167)**

Plaintiff H. Hirschmann, Ltd. ("Hirschmann") has filed a motion to reconsider (Doc. 167) this court's order (Doc. 165) denying Third-Party Plaintiff Green Mountain Glass, LLC's ("GMG") motion for leave to amend its counterclaim (Doc. 158). Hirschmann seeks an order granting GMG leave to add a claim under the New Hampshire Consumer Protection Act ("CPA"). (Doc. 167-1 at 4.)

## BACKGROUND

This case concerns alleged defects in polyisobutylene or "PIB," a sealant used to manufacture insulated windows. Third-Party Defendant ADCO Products, LLC ("ADCO") is a

1

corporation that produces sealants and adhesives, including PIB. (Doc. 37 ¶¶ 6–7.) ADCO sold PIB to GMG, a manufacturer of glass building materials. (Doc. 37 ¶ 1.) GMG used the PIB to build insulated window units for Hirschmann, a designer and manufacturer of custom windows and doors. (*Id.* ¶ 4.) Hirschmann ultimately rejected the units after noticing that the PIB dripped or spread onto the glass.

Hirschmann initiated this case by filing contract and warranty claims against GMG. (*See* Doc. 37.) GMG then filed a third-party complaint for indemnity against ADCO, claiming breach of express and implied warranty. (*See* Doc. 5.) Hirschmann later settled with GMG (*see* Doc. 70), and its claims against GMG were dismissed (*see* Doc. 89). ADCO filed a cross-claim against GMG for implied indemnity, alleging negligence in the use of the PIB product. (Doc. 75.) In its answer, GMG renewed its express and implied warranty claims against ADCO. (Doc. 92.)

On October 6, 2017, the court ordered ADCO to disclose all customer complaints received from the beginning of 2003 through the end of 2013 that are "relevant to this claim including complaints of PIB which has run or dripped onto the glass or malfunctioned in a manner substantially similar to the complaint in this case." (Doc. 129.) Pursuant to the court's order, ADCO's served a discovery response on November 6, 2017 that included information of 24 complaints relating to PIB products.

On December 12, 2017, GMG filed a Motion for Leave to Amend its counterclaim to include, in relevant part,[1] a claim under the New Hampshire Consumer Protection Act ("CPA").

---

[1] GMG's motion also sought to include a claim of fraudulent concealment and a request for enhanced compensatory damages. However, the instant motion concerns only GMG's proposed CPA.

(Doc. 158.)² GMG's proposed amended counterclaim alleged that "ADCO's PIB product was not of the particular standard, quality, or grade represented by ADCO." (Doc. 158 at 9.) According to GMG, the 24 complaints relating to PIB were a "material fact" that "ADCO knowingly and intentionally failed to disclose." (*Id.* at 3.) In the proposed amendment, GMG claimed that "ADCO's failure to disclose to Green Mountain Glass that ADCO's PIB products were failing in the field . . . was a deceptive act or practice in the conduct of commerce within the state of New Hampshire" under the CPA. (*Id.* at 9.)

In a decision dated July 5, 2018 ("July decision"), this court denied GMG's motion to amend in its entirety.³ (Doc. 165.) The court analyzed the proposed CPA claim as follows:

> New Hampshire law applies the rascality test to determine whether conduct not specifically enumerated in the [CPA] falls within the general prohibition against deceptive acts or practices in the conduct of commerce. *See George v. Al Hoyt & Sons, Inc.*, 27 A.3d 697, 705 (N.H. 2011). "Under the rascality test, the objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Id.* (citing *ACAS Acquisitions v. Hobert*, 923 A.2d 1076, 1095 (N.H. 2007)). ADCO's alleged failure to disclose previous customer complaints and known cases of product failure would not raise the eyebrow of any canny business person . . . .

---

² On its motion, Hirschmann improperly cites to the proposed amended counterclaim submitted with GMG's reply papers (Doc. 162-2), despite no indication that the court considered this second filing in its July decision. (*See* Doc. 167-1 at 3.) "It is well settled that courts should not consider arguments first raised in a party's reply brief which afford no opportunity for response from the opposing party." *Haywin Textile Prods., Inc. v. Int'l Fin. Inv.*, 137 F. Supp. 2d 431, 434 (S.D.N.Y. 2001) (citing *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 142 (2d Cir. 1999)); *see also Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (consideration of issues raised for the first time in reply papers is within a court's discretion); *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. DE C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) (noting that arguments raised for the first time in a reply brief are waived). ADCO's response addressed only the allegations stated in the proposed amended counterclaim initially filed on GMG's motion to amend. (*See* Doc. 159 at 7.) Accordingly, the court refers only to the proposed amended counterclaim filed as part of GMG's motion on December 12, 2017. (Doc. 158.)

³ The July 5, 2018 decision also denied ADCO's motion for summary judgment and Hirschmann's motion for partial summary judgment. However, Hirschmann did not move to reconsider the court's determination of these issues.

3

(*Id.* at 12.) Because the proposed amended counterclaim failed to state a CPA claim on which relief could be granted, the court denied the amendment as futile. (*Id.*)

The court granted a motion to extend Hirschmann's time to file a motion for reconsideration of the July decision until July 23, 2018. (Doc. 168.) Hirschmann now moves for reconsideration of the July decision to the extent it rejected GMG's proposed CPA claim. (Doc. 167.)

## ANALYSIS

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration may only be granted when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration "is not a vehicle for relitigating old issues . . . or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Hirschmann bases the pending motion on a need to correct a clear error and to prevent manifest injustice, arguing that the court erred by applying the rascality test. (Doc. 167-1 at 2.) Hirschmann contends that the rascality test does not apply to claims arising under specific CPA provisions. According to Hirschmann, the rascality test is inapplicable here because GMG's

proposed amendment alleged that the PIB "was not of the particular standard, quality, or grade represented by ADCO" (Doc. 158 at 9), commercial conduct specifically prohibited under subsection VII of the CPA. *See* N.H. Rev. Stat. § 358:A-2(VII) (2016).

However, Hirschmann's argument does not address the court's finding that GMG's proposed amendments alleged only that ADCO failed to disclose customer complaints relating to PIB. (*See* Doc. 165 at 12–13.) Failing to inform a buyer of purported cases of product failure is not conduct specifically enumerated by the CPA. *Cf.* N.H. Rev. Stat. § 358:A-2(VII) (2016). ("*Representing* that goods or services are of a particular standard, quality, or grade . . . if they are of another" constitutes unfair or deceptive commercial conduct) (emphasis added). In the absence of controlling decisions or data suggesting otherwise, the court concludes that analyzing GMG's proposed CPA claim under the rascality test was not a clear error.

Even if the rascality test did not apply in this case, GMG's proposed counterclaim failed to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely alleging a CPA violation under a specific provision of the statute is insufficient to state a facially plausible claim. *See Kelton v. Hollis Ranch, LLC*, 927 A.2d 1243, 1246 (N.H. 2007) (holding that the CPA does not impose strict liability). "In order to state a claim under . . . RSA 358-A:2, VII, a plaintiff must allege that a defendant made a representation, with actual knowledge of its falsity or reckless disregard for its truth, with the intent to induce the plaintiff to enter into a transaction." *Androscoggin Valley Reg'l Refuse Disposal Dist. v. R.H. White Constr. Co.*, 2017 WL 1906612, at *3 (D.N.H. May 8, 2017) (internal quotations and citation removed); *see also Kelton*, 927

A.2d at 1246 (finding CPA violations require "a degree of knowledge or intent"); *Beer v. Bennett*, 993 A.2d 765, 769 (N.H. 2010). GMG's proposed amended counterclaim did not plead facts indicating ADCO made any such representation. Rather, GMG alleged only that ADCO failed to disclose previous complaints regarding PIB. Withholding customer complaints does not support an inference that ADCO intentionally misrepresented the quality of its products to GMG. *Cf. Beer*, 993 A.2d at 769–70 (analyzing defendant's affirmative representations to find CPA violation). GMG's proposed amendments therefore failed to state a claim under subsection VII of the CPA. Because the alleged inapplicability of the rascality test would not alter the outcome of the July decision, the court concludes that denying the proposed CPA claim as futile did not result in manifest injustice to Hirschmann or GMG.

Finally, the court notes that Hirschmann merely reiterates the arguments raised on GMG's initial motion to amend. (*See* Doc. 162 at 5 ("Since Green Mountain Glass' CPA claim is from among those commercial actions specifically delineated in the CPA, the rascality test is inapplicable.").) By relying exclusively on cases and data previously considered by the court, Hirschman raises no issues that indicate the court reached the wrong conclusion by denying GMG's proposed CPA claim. *See Shrader*, 70 F.3d at 257. *Cf. Sumner v. McCall*, 103 F. Supp. 2d 555, 559 (N.D.N.Y. 2000) (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y. 1995)) ("[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.").

Accordingly, Hirschmann's motion for reconsideration is DENIED.

## CONCLUSION

For the reasons set forth above, Hirschmann's motion for reconsideration (Doc. 167) of a motion for leave to amend GMG's counterclaim is DENIED.

Dated at Rutland, in the District of Vermont, this ___ day of October, 2018.

Geoffrey W. Crawford, Chief Judge
United States District Court